IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FLOTEK INDUSTRIES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| **GATES CAPITAL MANAGEMENT, L.P.,** | § | |
| **GATES CAPITAL MANAGEMENT, INC.,** | § | |
| **GATES CAPITAL MANAGEMENT, GP,** | § | |
| **LLC, GATES CAPITAL PARTNERS** | § | |
| **LLC, ECF VALUE FUND, L.P.,** | § | |
| **ECF VALUE FUND II, L.P.,** | § | |
| **ECF VALUE FUND INTERNATIONAL** | § | |
| **LTD., ECF FUND INTERNATIONAL** | § | |
| **MASTER L.P., and JEFFREY L. GATES,** | § | |
| | § | |
| *Defendants.* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, Flotek Industries, Inc. ("Flotek" or "Plaintiff") files this Original Complaint against Defendants Gates Capital Management, Inc., Gates Capital Management, L.P., Gates Capital Management GP, LLC, and Jeffrey L. Gates (together, "Gates Capital Defendants") and fund entities Gates Capital Partners LLC, ECF Value Fund, L.P., ECF Value Fund II, L.P., ECF Value Fund International Ltd., and ECF Fund International Master L.P. (together, the "Fund Entities," and together with Gates Capital Defendants, the "Defendants" or the "Gates Capital Group") and alleges as follows:

### I.
### INTRODUCTION

1. Plaintiff, Flotek is a diversified global supplier of drilling and production products and services the energy and mining industries. Flotek is also an issuer of equity securities.

-2-

Flotek's common stock is registered under Section 12 of the Securities Exchange Act of 1934, as amended (the "Exchange Act").

2. Defendant, Gates Capital Management, Inc. ("Gates Capital"), an investment adviser, together with its relying adviser, Gates Capital Management, L.P. ("Gates LP"), Gates Capital Management GP, LLC ("Gates GP") and Jeffrey L. Gates, acted as an investment adviser to, for, and on behalf of three hedge funds: ECF Value Fund, L.P. ("ECF Fund"), ECF Value Fund II, L.P. ("ECF Fund II"), and ECF Value Fund International Master, L.P. ("Master Fund") (with ECF Value Fund International Ltd. ("Feeder Fund") as feeder to Master Fund).

3. The Gates Capital Defendants together with the Fund Entities realized "short swing" profits in trading common stock, $0.0001 par value, of Flotek in violation of Section 16(b) of the Exchange Act ("Section 16(b)").

4. Defendants agreed to act together for the purposes of acquiring, holding, voting, disposing or trading of Flotek common stock and therefore formed a "group" under Section 13(d)(3) of the Exchange Act ("Section 13(d)").

5. At all relevant times, Gates Capital Group held more than 10% beneficial ownership of Flotek common stock subjecting them to Section 16(b) liability as a beneficial owner. Gates Capital Group is not exempt from Section 16(b) liability because they did not beneficially own Flotek common stock for the benefit of third parties in the ordinary course of business.

6. Defendants garnered millions of dollars in disgorgeable short-swing profits through the purchase and sale of millions of shares within several six month periods from June 30, 2014 through June 30, 2016.

HOU:3733669.6

## II.
## PARTIES

7. Flotek is a corporation organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas.

8. Defendant Gates Capital is a Delaware corporation with its principal place of business at 1177 Avenue of the Americas, 46th Floor, New York, New York, 10036. Jeffrey L. Gates is the President of Gates Capital.

9. Defendant Gates GP is a Delaware limited liability company with its principal place of business at 1177 Avenue of the Americas, 46th Floor, New York, New York, 10036. Gates Capital is its managing member. Gates GP is a special purpose vehicle that serves as the general partner of Gates LP.

10. Defendant Gates LP is a Delaware limited partnership with its principal place of business at 1177 Avenue of the Americas, 46th Floor, New York, New York, 10036. Gates LP is a relying adviser to Gates Capital. Gates LP acts as the investment advisor for the ECF Fund, ECF Fund II, Feeder Fund, and Master Fund.

11. Defendant Jeffrey L. Gates is New York resident with his principal place of business at 1177 Avenue of the Americas, 46th Floor, New York, New York, 10036. Jeffrey L. Gates's relationship to the other defendants is described herein.

12. Defendant Gates Capital Partners LLC ("Gates Partners") is a Delaware limited liability company with its principal place of business at 1177 Avenue of the Americas, 46th Floor, New York, New York, 10036. Gates Partners serves as the general partner for the ECF Fund, ECF Fund II, and the Master Fund.

13. Defendant ECF Fund is a Delaware limited partnership with its principal place of business at 1177 Avenue of the Americas, 32nd Floor, New York, NY 10036. ECF Fund's

general partner is Gates Partners. Gates Capital and its related persons beneficially own a percentage of the ECF Fund.

14. Defendant ECF Fund II is a Delaware limited partnership with its principal place of business at 1177 Avenue of the Americas, 32nd Floor, New York, NY 10036. Gates Capital and its related persons beneficially own a percentage of the ECF Fund II.

15. Defendant Feeder Fund is a British Virgin Islands business company with its offices c/o GlobeOp Financial Services (Cayman) Limited, 45 Market Street, Suite 3205, 2nd Floor, Gardenia Court, Caymana Bay, Grand Cayman, Cayman Islands. Gates Capital and its related persons beneficially own a percentage of the Feeder Fund.

16. Defendant Master Fund is a British Virgin Islands limited partnership with its offices c/o GlobeOp Financial Services (Cayman) Limited, 45 Market Street, Suite 3205, 2nd Floor, Gardenia Court, Caymana Bay, Grand Cayman, Cayman Islands. Gates Capital and its related persons beneficially own a percentage of the Master Fund.

### III.
### JURISDICTION AND VENUE

17. This action is brought pursuant to Section 16(b) of the Exchange Act, to obtain disgorgement of profits obtained by Defendants in violation of that statute. Jurisdiction of this Court and venue in this District are proper pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, 28 U.S.C. § 1331, and 28 U.S.C. § 1391(b)(2).

### IV.
### STATUTORY AND LEGAL BACKGROUND

18. Section 16(a) of the Exchange Act provides that "[e]very person who is directly or indirectly the beneficial owner of more than 10 percent of any class of any equity security…which is registered pursuant to" section 12 of the Exchange Act who is a "director or

an officer of the issuer of such security" must file certain statements/reports with the SEC. 15 U.S.C. § 78p(a)(1).

19. Under 16(b) of the Exchange Act, any profit realized by such beneficial owner "from any purchase and sale, or any sale and purchase" of those securities "within any period of less than six months…shall be…recoverable by the issuer." U.S.C. § 78p(b). Section 16(b) "imposes strict liability regardless of motive, including trades not actually based on inside information." *Dreiling v. Am. Express Co.*, 458 F.3d 942, 947 (9th Cir. 2006).

20. SEC Rule 16a-l(a)(l) promulgated under the Exchange Act sets forth how the term beneficial owner is defined for the purposes of Section 16(b) liability. It notes that a "beneficial owner" means "any person who is deemed a beneficial owner pursuant to section 13(d) of the [Exchange] Act and the rules thereunder." 17 C.F.R. 240.16a-1(a)(1). Section 13(d)(3) of the Exchange Act, as clarified by SEC Rule 13-d-5, states:

> "[w]hen two or more persons agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of an issue, the group formed thereby shall be deemed to have acquired beneficial ownership, for purposes of sections 13(d) and (g) of the [Exchange] Act, as of the date of such agreement, of all equity securities of that issuer beneficially owned by any such persons.

17 C.F.R. § 240.13d-5(b)(1)(2015).

21. "Persons" include individuals, corporations, partnerships, associates, joint-stock companies, trust funds, or "any organized group of persons whether incorporated or not." 15 U.S.C. § 80(a)-2(a)(28); 15 U.S.C. § 80(a)-2(a)(8). Where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding, or disposing of securities of an issuer," such persons are deemed to be a "group." 15 U.S.C. § 78(m)(d)(3); 17 C.F.R. § 240.16a-1(a)(1); *Greenfield v. Cadian Capital Mgmt., LP*, No. 1:15-cv-04478-ER, 2016 WL 5793416, *1 (S.D.N.Y. Sept. 30, 2016).

22. Under SEC Rule 13d-5, Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group exceeds 10%, each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits which such group member earns in stock transactions effected within a less than a six-month period. *Cadian Capital*, 2016 WL 5793416, at *1.

23. Group activity can be found even where the agreement between the parties lacks definite terms. Further, the agreement may be formal or informal and may be proved through direct or circumstantial evidence. *Dreiling v. America Online Inc.*, 578 F.3d 995, 1003 (9th Cir. 2009).

24. "[T]he touchstone of a group within the meaning of Section 13(d) is that the members combined in furtherance of a common objective." *Wellman v. Dickinson*, 682 F.2d 355, 363 (2d Cir. 1982), *cert. denied*, 460 U.S. 1069 (1983). The plain language of the statute does not require a group to be committed to any "specific set of terms," but rather, "demands only an agreement for the purpose of acquiring, holding, or disposing of securities." *Morales v. Freund*, 163 F.3d 763, 767 n.5 (2d Cir. 1999); *Morales v. Quintel Entertainment, Inc.*, 249 F.3d 115, 124-25 (2d Cir. 2001). Additionally, parties can agree to act in furtherance of some common objective.

## V.
## GROUP ACTIVITY

25. In this case, the disclosed relationships and commonalities between and among the Gates Capital Defendants and Fund Entities permit the inference that the Defendants agreed to act together for the purposes of acquiring, holding, and disposing of Flotek common stock. It is difficult to draw any other conclusion. Gates Capital's Form ADV filing was made on behalf

-6-

of Gates Capital and its relying adviser Gates LP, listing all of the Fund Entities, showing that all of the Defendants are under common control.[1] The Gates Capital Defendants all bear the same Gates Capital name and have the same registered agent in Delaware. Most all of the Gates Capital Defendants and Fund Entities operate out of the same office in New York, which is the business address of Mr. Jeffrey Gates as well.[2] Each of the Fund Entities employed the same auditor located in New York (where Gates Capital is located), the same prime broker in New York, and the same custodians.

26.     Furthermore, the ownership and management relationships among all of the Defendants form a complete web. Jeffrey L. Gates is the sole shareholder, President, and portfolio manager of Gates Capital. Gates Capital is in turn the managing member (and 75% or more owner) of Gates GP. Gates GP is the general partner of Gates LP. Gates LP is the relying adviser to Gates Capital and the investment adviser to all of Fund Entities. The Feeder Fund invests in the Master Fund, whose general partner is Gates Partners. Gates Partners is also the general partner of each of ECF Fund and ECF Fund II. All of the Gates Capital Defendants and the Fund Entities are linked.

27.     Stated differently, Gates Capital manages the Fund Entities and controls the Fund Entities' holdings in Flotek through the corporate structure. Three of the Fund Entities share a general partner (Gates Partners). The one Fund Entity that does not share that general partner (the Feeder Fund), invests into the Master Fund (which does have the same general partner, Gates Partners). Moreover, Gates LP's stated principal business purposes is to serve as

---

[1] See Gates Capital SEC Form ADV dated September 6, 2016 (available at the SEC website: https://advisorinfo.sec.gov).

[2] See Gates Capital SEC Form 13(d), dated July 6, 2016, at Item 2(d) on p. 6 (available at the SEC website: https://www.sec.gov/edgar/searchedgar/companysearch.html).

investment manager to three of the Fund Entities[3] and is controlled by an entity (Gates GP) whose managing member is Gates Capital.

28. Defendants therefore constitute a group for purposes of determining beneficial ownership under §§ 13(d)(3) and 16(b) of the Exchange Act. At all relevant times, the Gates Capital Group was a greater than 10% beneficial owner of Flotek common stock and the Defendants are therefore subject to liability under Section 16(b). Gates Capital Group garnered short-swing profits in a series of the transactions within certain six month periods set forth herein in violation of Section 16(b); these profits should be disgorged.

## VI.
## GATES CAPITAL'S OWNERSHIP IN THE FUND ENTITIES

29. Gates Capital had a financial incentive to create the Fund Entities and manage their investments, as Gates Capital and/or Gates LP earned a management fee of an unknown percentage of the assets under management as well as performance-based fees.

30. Because the Gates Capital Defendants had an interest in the Fund Entities, those entities did not beneficially own Flotek common stock for the benefit of third parties in the ordinary course of business. Therefore, the registered investment advisor exemption from Section 16(b) liability under 17 C.F.R. § 240.16a-1(a)(1)(v), providing that registered investment advisors under Section 203 of the Investment Advisers Act of 1940 or under the laws of any state "shall not be deemed the beneficial owner of securities of such class held for the benefit of third parties or in customer of fiduciary accounts in the ordinary course of business" is not applicable to the Gates Capital Defendants.

---

[3] *Id.*

## VII.
## PURCHASE AND SALE TRANSACTIONS

31. While the Gates Capital Group was a greater than 10% beneficial owner, the Defendants purchased and sold shares of Flotek common stock at various times within several six month periods between 2014 and 2016. For example, the Gates Capital Group purchased at least 2,628,781 shares between March 31, 2015 and June 30, 2015 and sold at least 3,524,154 shares between June 30, 2015 and September 31, 2015. Additionally, the Gates Capital Group purchased at least 3,870,117 shares between December 31, 2015 and March 31, 2016 and sold at least 2,132,775 shares between March 31, 2016 and June 30, 2016.

32. The Gates Capital Group also violated Section 16(a) of the Exchange Act by failing to report its greater than 10% beneficial ownership on SEC Form 3, which is required to be filed under SEC Rule 16a-3. The Gates Capital Group continued to violate Section 16(a) and SEC Rule 16a-3 by failing to report its purchases and shares of Flotek common stock on SEC Form 4 while the Gates Capital Group was a greater than 10% beneficial owner. Due to these SEC reporting violations, it is not possible to compute with precision the amount of short-swing profits garnered by the Gates Capital Group from its short-swing trading shares of Flotek common stock. Upon information and belief, short-swing profits total in the millions of dollars.

## VIII.
## CLAIM I AGAINST THE GATES CAPITAL GROUP

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. As alleged in paragraphs 31 and 32 herein, during several six month periods, the Gates Capital Group engaged in purchase and sale transactions in Flotek common stock, which resulted in disgorgeable short-swing profits.

35. Each of the Defendants is liable for its respective short-swing profits.

## IX.
## CLAIM II AGAINST THE GATES CAPITAL DEFENDANTS

36. Flotek repeats and realleges the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. As alleged in paragraphs 25 through 28 herein, the Gates Capital Defendants are members of the Gates Capital Group who engaged in transactions on behalf of the Fund Entities, which yielded short-swing profits subject to disgorgement.

38. As alleged in paragraphs 29 through 30 herein, the Gates Capital Defendants have pecuniary interests in short-swing profits realized by the Fund Entities and are liable to disgorge to Plaintiff their short-swing profits to the extent of their respective pecuniary interests in the transactions.

39. Plaintiff is unable to precisely compute the Gates Capital Defendants' pecuniary interests in the transactions.

## X.
## PRAYER

WHEREFORE, Plaintiff, Flotek Industries, Inc., prays the Court grant disgorgement of profits made in violation of federal securities laws, actual damages, attorneys' fees, pre and post-judgment interest, and any such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: */s/ J. Wiley George*
    J. WILEY GEORGE
    Southern District ID No. 14274
    Texas Bar No. 07805445
    wileygeorge@andrewskurth.com
    600 Travis, Suite 4200
    Houston, Texas 77002
    713-220-3928
    713-220-4285 – Fax

ATTORNEY-IN-CHARGE FOR PLAINTIFF
FLOTEK INDUSTRIES, INC.

**OF COUNSEL:**
**ANDREWS KURTH KENYON LLP**
MARCELA BERDION-STRAUB
Southern District ID No. 1074739
Texas Bar No. 24058792
marcelaberdion@andrewskurth.com
713-220-4511

MARK S. MANDEL
New York Bar No. 2175263
One Broadway
New York, New York 10004
markmandel@andrewskurth.com
212-850-2844

-11-